CLAYTON KELLOGG, Appellant, *v.* LAURA KELLOGG, Respondent.

Fourth Department, May 1, 1918.

Husband and wife — divorce — delay of entry of final decree beyond statutory period — Code Civil Procedure, section 1774, construed — agreement to delay entry until attorney's fees are paid — failure of defendant to oppose application for final decree.

Section 1774 of the Code of Civil Procedure, which requires the final decree in an action for absolute divorce to be entered within thirty days after the expiration of three months from the entry of the interlocutory decree and prohibiting a later entry thereof, except by order of the court on sufficient cause for delay being shown, is based upon public policy and the parties to such action will not be permitted to ignore or evade it.

The entry of the final decree will be denied where application for entry was not made until over two years after the entry of the interlocutory decree and the only excuse is that the plaintiff agreed with his attorney that it should not be entered until he had paid in full for legal services.

Entry of the final decree will be denied although the defendant does not oppose the application therefor.

APPEAL by the plaintiff, Clayton Kellogg, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 31st day of August, 1917, denying plaintiff's application for a final decree of divorce in his favor on the ground that he had shown no sufficient cause for his delay of nearly two years, after the entry of the interlocutory judgment, before making his application.

*Richard P. Byrne* [*Hogan, Byrne & Byrne*, attorneys], for the appellant.

No appearance for the respondent.

FOOTE, J.:

This is an action for absolute divorce. Plaintiff appeals from an order denying his application for final judgment. An interlocutory decree was granted in plaintiff's favor July 1, 1915, but was not entered until July 23, 1915. No application for final judgment was made until August 4, 1917, more than two years thereafter. Section 1774 of the Code requires the final judgment to be entered within thirty days after the expiration of three months from the entry of the interlocutory judgment. The language is: " The final judgment must be entered within thirty days after the expiration of said period of three months and can not be entered after the expiration of such period of thirty days except by order of the court on application and sufficient cause being shown for the delay." The only attempt to excuse the delay in this case is by the affidavit of one of plaintiff's attorneys, in which he states the excuse to be " that deponent's contract and agreement with the plaintiff was that the final decree should not be applied for or had until plaintiff had paid deponent in full for his services, and that such payment was not made until this week." In other words, plaintiff and his attorney agreed between themselves that the express requirements of the statute should be ignored and no final judgment should be had or applied for until such time as it suited plaintiff's convenience to pay his attorney's fee.

Such an agreement, we think, does not constitute sufficient cause for the delay within the intent of the statute. To hold

otherwise would permit evasion of the statute in every case where a plaintiff may wish to do so. This statutory requirement is not a mere idle thing to be complied with only where it may suit a plaintiff's convenience. It represents a public policy in divorce actions which the parties should not be permitted to ignore or evade.

In this case we have no affidavit from the plaintiff himself. He offers no excuse for his delay for two years to apply for the final decree. It does not appear that this delay was due solely to plaintiff's inability to pay his lawyers their fee; but if it was, we agree with the learned justice at Special Term that this alone should not be accepted as a sufficient excuse. A delay of two years in moving to open a default in any other stage of an action would not be excused upon such a ground.

The fact that defendant did not oppose the application is immaterial.

The order denying plaintiff's application for final judgment should be affirmed.

All concurred.

Order affirmed, without costs.